Kristian Karl Larsen, Esq.
LEE & KELLEY, LLP
264 West 40th Street, 18th Floor
New York, New York 10022
(212) 710-0006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VIAONE TECHNOLOGIES, INC.
                *Plaintiff,*

                                          06 Civ 12983 (RCC)
                                          ECF CASE
      -against-

                                          COMPLAINT

MR. PREPAID, INC., and
DANIEL D. ELY
                *Defendants.*
------------------------------------------------------------X

        Plaintiff, VIAONE TECHNOLOGIES INC., by its attorneys, Lee & Kelley, LLP, for its Complaint alleges as follows:

### NATURE OF ACTION

1.     This is a breach of contract action by plaintiff, VIAONE TECHNOLOGIES INC. ("VIAONE"), a provider of products and services, including but not limited to, Personal Electronic Identification Numbers ("PINS") which are redeemable for certain quantities of airtime minutes with different telecommunications carriers, against defendant MR. PREPAID INC. ("MR. PREPAID"), a distributor of PINS to retail stores and outlets for sale directly to consumers, and against defendant DANIEL D. ELY ("ELY"), MR. PREPAID's principal owner, who personally guaranteed MR. PREPAID's obligations under its contract with VIAONE.

2.     Beginning on or about September 21, 2006, MR. PREPAID refused to pay VIAONE for PINS it had ordered and received from VIAONE pursuant to its contract with VIAONE. MR.

PREPAID has ignored VIAONE's repeated demands for payment for the PINS purchased under its contract with VIAONE.

## THE PARTIES

3. VIAONE is a New Jersey corporation authorized to do business in the State of New York with a principal office at 525 Broadway, Fifth Floor, New York, NY 10012.

4. MR. PREPAID is a Maryland corporation with principal offices located at 300 Reistertown Road, Building E, Baltimore, Maryland 21208.

5. ELY is the principal owner of Mr. Prepaid, and resides at 3917 Labyrinth Road, Baltimore, Maryland 21215.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332(a).

7. Venue is proper in this district pursuant to 28 U.S.C. 1391(a).

## FACTS

8. On July 29, 2005, VIAONE and MR. PREPAID entered into an Airtime Gateway Agreement (the "Contract") under which VIAONE agreed to sell and MR. PREPAID agreed to purchase PINS through VIAONE's electronic system (the "Airtime Gateway") for the sale of prepaid airtime minutes.

9. On July 29, 2005, ELY executed a personal guarantee (the "Personal Guarantee") in favor of VIAONE under which ELY personally guaranteed MR. PREPAID's obligations under the Contract.

10. Under the Contract, VIAONE extended to MR. PREPAID a line of credit with a credit limit (the "Credit Limit") in the amount of ($100,000.00) (the "Line of Credit").

11. Under the Contract, MR. PREPAID authorized VIAONE to debit MR. PREPAID's bank account for PINS ordered by MR. PREPAID in excess of the Credit Limit through Automated Clearing House (the "ACH") Transactions.

12. Pursuant to the Contract, MR. PREPAID executed an Automated Clearing House Authorization ("ACH Authorization"), under which MR. PREPAID authorized VIAONE to debit its bank account through ACH Transactions.

13. Under the Contract, the balance due on the Line of Credit was required to be reduced to ($0.00) upon (a) the termination of the Contract or (b) the refusal of an ACH Transaction by MR. PREPAID'S bank account.

14. Under the terms of both the Contract and the ACH Authorization, MR. PREPAID agreed to pay VIAONE an administrative fee of ($300.00) for each failed ACH Transaction and for each failed wire transfer to VIAONE ("Failed ACH Transaction Fee").

15. On or about September 16, 2006 the amount due for MR. PREPAID's orders of PINS was in excess of the Credit Limit.

16. As of September 21, 2006, eleven ACH Transactions, totaling ($78,390.00) were rejected by MR. PREPAID's bank (the "Rejected ACH Charges").

17. On or about September 21, 2006, VIAONE informed MR. PREPAID of the Rejected ACH Charges and made a written demand (the "Demand") for immediate repayment of the Rejected ACH Charges along with the outstanding Line of Credit balance of ($100,000.00) (the "Line of Credit Balance").

3

18. In a letter dated September 21, 2006, after receipt of VIAONE's Demand, MR. PREPAID, through its President and Owner, ELY, informed VIAONE that MR. PREPAID was terminating the Contract with VIAONE and that VIAONE was thereby no longer authorized to conduct ACH transactions upon any of MR. PREPAID's bank account's (the "Termination Letter").

19. The Termination Letter was silent as to the moneys owed by MR. PREPAID to VIAONE.

20. In a letter dated September 27, 2006, VIAONE demanded reconciliation and payment from MR. PREPAID of the Rejected ACH Charges and the Line of Credit Balance owed by MR. PREPAID to VIAONE.

21. As of October 10, 2006, MR. PREPAID owed VIAONE amounts for the Rejected ACH Charges, the Line of Credit Balance and the Failed ACH Transaction Fees for eleven (11) failed ACH Transactions, for a total outstanding debt of ($181,690.00)(the "Total Outstanding Debt").

22. In a letter dated October 10, 2006, counsel for VIAONE demanded payment from MR. PREPAID of for the Total Outstanding Debt.

23. As of the date of this Complaint, MR. PREPAID has neither paid the demanded Total Outstanding Debt nor responded to the demands for payment by VIAONE and VIAONE's legal counsel.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

24. Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

25. The defendants' conduct constitutes a breach of contract under the terms of the Contract.

## SECOND CLAIM FOR RELIEF
### (Breach of the ACH Authorization)

26. Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

27. The defendants' conduct constitutes a breach of contract under the terms of the ACH Authorization.

## THIRD CLAIM FOR RELIEF
### (Liability Under the Personal Guarantee)

28. Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

29. Defendant ELY is personally liable for MR. PREPAID's breaches of contract under the Contract and the ACH Authorization by virtue of the Personal Guarantee.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

30. Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

31. Defendants' conduct constitutes sufficient grounds for liability under the legal theory of unjust enrichment.

## FIFTH CLAIM FOR RELIEF
### (Moneys Had and Received)

32. Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

33. Defendants' conduct constitutes sufficient grounds for liability under the legal theory of moneys had and received.

## SIXTH CLAIM FOR RELIEF
### (Account Stated)

34. Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

35. Defendants' conduct constitutes sufficient grounds for liability under the legal theory of account stated.

## PRAYER FOR RELIEF

36. Plaintiff demands that the Court enter a judgment against defendants awarding plaintiff:

(a) on the First Claim, damages in the amount of ($181,690.00) plus interest and all expenses incurred by plaintiff in connection with enforcement of its rights under the Contract and Personal Guarantee, including but not limited to all collections costs and reasonable attorneys' fees;

(b) on the Second Claim, damages in the amount of ($78,390.00) plus interest and all expenses incurred by plaintiff in connection with enforcement of its rights under the Contract and Personal Guarantee, including but not limited to all collections costs and reasonable attorneys' fees;

(c) on the Third Claim, damages in the amount of ($181,690.00) plus interest and all expenses incurred by plaintiff in connection with enforcement of its rights under the Contract and Personal Guarantee, including but not limited to all collections costs and reasonable attorneys' fees;

(d) on the Fourth Claim, damages in the amount of ($181,690.00) plus interest and all expenses incurred by plaintiff in connection with enforcement of its rights under the Contract and Personal Guarantee, including but not limited to all collections costs and reasonable attorneys' fees;

(e) on the Fifth Claim, damages in the amount of ($181,690.00) plus interest and all expenses incurred by plaintiff in connection with enforcement of its rights under the Contract and Personal Guarantee, including but not limited to all collections costs and reasonable attorneys' fees; and

(f) on the Sixth Claim, damages in the amount of ($181,690.00) plus interest and all expenses incurred by plaintiff in connection with enforcement of its rights under the Contract and Personal Guarantee, including but not limited to all collections costs and reasonable attorneys' fees.

Dated: New York, New York
November 7, 2006

LEE & KELLEY, LLP

Kristian Karl Larsen (KL7352)
264 West 40th Street
18th Floor
New York, New York 10022
(212) 710-0006
*Attorneys for Plaintiff*