GUARANTY

THIS GUARANTY AGREEMENT ("Guaranty") is made this __27th__ day of __JULY__, 2005 by __DANIEL D. ELY__ ("Guarantor") residing at __3917 LABYRINTH RD, BALTIMORE, MD 21215__ in favor of Via One Technologies, Inc., a New Jersey Corporation ("VIAONE") having an office at 525 Broadway, Fifth Floor, New York, NY, 10012, concerning the obligations of __MR. PREPAID, INC__, a __MARYLAND__ company with principal offices located at __300 REISTERSTOWN RD., BLDG E., BALTIMORE, MD 21208__ ("Company").

WITNESSETH:

The Guaranty is signed in conjunction with that certain Distribution Agreement ("Distribution Agreement"), signed contemporaneously herewith, by and between VIAONE and the Company.

Whereas, the Guarantor is an officer, owner or principal of the Company and whereas VIAONE has agreed to enter such Distribution Agreement with the Company only if Guarantor agrees to sign and be bound to this Guaranty. Guarantor hereby acknowledges and agrees that Guarantor benefits from the Distribution Agreement between VIAONE and Company and has received sufficient consideration from VIAONE and Company required to bind Guarantor to its obligations hereto.

Therefore, for valuable consideration, the receipt of which is hereby acknowledged, Guarantor hereby unconditionally and irrevocably guarantees to VIAONE the full and punctual payment when due, of any and all sums, debt and/or obligations of the Company which at any time may arise or become due under the Distribution Agreement, together with any and all costs and expenses which may be incurred by VIAONE in collecting such sums and enforcing any rights against Company and/or the Guarantor (together "Indebtedness").

1) This Guaranty is a guaranty of payment and VIAONE shall be entitled to take any action against Company or Guarantor against any and all assets either possess to satisfy the Indebtedness, in any order or concurrently, as VIAONE may in its sole discretion elect. It shall not be necessary for the enforcement of this Guaranty that VIAONE first pursue or exhaust any right or remedy against or with respect to any or wither of the foregoing. This Guaranty shall be an absolute, unconditional, irrevocable and continuing inexhaustible Guaranty without limitation as to amount or duration. This Guaranty is in addition to and independent of all other guaranties or security which VIAONE may now or hereafter hold and shall not be prejudiced by the failure of VIAONE to acquire any other guaranties or security, nor by any defect, irregularity or invalidity which exists or may exist with respect to any other guaranties or security held by VIAONE or in any other document relating to the Indebtedness.

2) The obligations of Guarantor hereunder shall be absolute and unconditional irrespective of the validity, regularity or enforceability of the Distribution Agreement or any other agreement or instrument relating to the Indebtedness, or any defect with respect thereto, or the existence, value or condition of any collateral or security for any or all of the Indebtedness, or any other circumstances which might otherwise constitute a legal or equitable discharge of a surety of guarantor, it being agreed that the obligations of Guarantor hereunder shall not be discharged except by payment as herein provided.

3) Notwithstanding the alteration, breach, termination or modification of any other instrument related to the Indebtedness, including but not limited to the Distribution Agreement, this Guaranty shall continue in full force and effect until all of the Indebtedness and all obligations of Guarantor and Company under the Distribution Agreement and this Guaranty shall have been fully and indefeasibly paid and performed.

1

Initials _DE_

4) Guarantor hereby waives notice of acceptance of this Guaranty, presentment, demand, protest, notice of the occurrence of a default under the Distribution Agreement, and any other notice of any kind whatsoever, with respect to any or all of the Indebtedness, and promptness in making any claim or demand hereunder; and Guarantor agrees that no act or omission of any kind shall in any way effect or impair this Guaranty.

5) The Guarantor has established adequate means of obtaining, on a continuing basis, all facts pertaining to the risks of this Guaranty. The Guarantor assumes the responsibility for being and keeping itself informed of all the facts pertaining to such risks and agrees that VIAONE has no duty to disclose any such facts to the Guarantor. The Guarantor recognizes that this Guaranty imposes certain risks upon the Guarantor and that these risks may increase in the future due to changing circumstances, including, but not limited to the volume of transactions under the Distribution Agreement. Any such risks, increases in such risks, or future risks do not and will not alter the liability of the Guarantor in this Guaranty.

6) This Guaranty shall continue in full force and effect notwithstanding any insolvency or bankruptcy of Guarantor or the death of Guarantor. Neither the Guarantor's obligation to pay and perform in accordance with the terms of this Guaranty, nor any remedy for the enforcement hereof nor the amount of the Indebtedness shall be impaired, modified, changed, stayed, released or limited in any manner whatsoever by any impairment, modification, change, discharge, release, limitation or stay of the Indebtedness or the obligations of the Company or its estate in bankruptcy or any remedy for the enforcement thereof, resulting from the operation of any present or future provision of the Bankruptcy Code of the United States or other statute, state, federal or foreign, or from the decision of any court interpreting any of the same, and the Guarantor shall be obligated under this Guaranty and the amount of the Indebtedness shall for the purposes of this Guaranty be determined as if no such impairment, stay, modification, change, discharge, release or limitation had occurred.

7) Settlement of any claim by VIAONE against Company or any other guarantor or obligor, whether in any proceedings or not, and whether voluntary or involuntary, shall not reduce the amount due under the terms of this Guaranty except to the extent of any amount actually received by VIAONE under any such settlement and applied to the Indebtedness.

8) All expenses incurred by VIAONE in connection with the enforcement of this Guaranty, including but not limited to reasonable attorneys' fees incurred by VIAONE, shall be payable by Guarantor forthwith upon VIAONE's first demand therefor.

9) This Guaranty shall remain in full force and effect or shall be automatically reinstated, as the case may be, without any further action of the part of the VIAONE, in the event that the VIAONE is required, in any bankruptcy, insolvency, reorganization or other proceeding involving the Company, to return or rescind any payment made to or value received by VIAONE from or for the account of the Company on account of the Indebtedness, all as though such payment had not been made or such value had not been received. This paragraph shall remain in full force and effect notwithstanding any termination of this Guaranty or release by the VIAONE of the Guarantor unless this paragraph is terminated by a written instrument that includes specific reference to this paragraph.

10) No failure or delay on the part of VIAONE in exercising any right, power or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any such right, power or remedy preclude any future exercise thereof or the exercise of any other right, power or remedy hereunder. The invalidity or unenforceability of any provision of this Guaranty shall in no way affect the validity or enforceability of any other provisions hereof.

11) All notices hereunder shall be in writing and shall be deemed to have been given at the time when mailed in the United States by registered or certified mail addressed to the address of the Guarantor set forth at the head of this Guaranty, or to such changed address as such party may have fixed by notice; provided however, that any notice of change or address shall be effective only upon receipt.

12) Guarantor hereby acknowledges and agrees that this is a continuing Guaranty and shall remain in full force and effect until the indefeasible payment in full of all then outstanding Indebtedness.

13) This instrument shall be binding upon Guarantor, its heirs, legal representatives, successors and assigns

2

Initials _DC_

and shall inure to the benefit of any assigns or buyer's of the Distribution Agreement or VIAONE.

14) This Guaranty shall be governed by and construed in accordance with the internal laws of the State of New York without giving effect to principles of conflict of laws.

15) THE GUARANTOR HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING WHICH PERTAINS DIRECTLY OR INDIRECTLY TO THIS GUARANTY.

IN WITNESS WHEREOF, this Guaranty has been duly issued and executed and delivered the day and year first above written.

GUARANTOR

By: _____

Name: _Daniel Ely_____

Date: _7/27/05_____

STATE OF ) Maryland
          ) ss.:
COUNTY OF ) Pikesville

I CERTIFY that on _July 27_, 2005 _Daniel Ely_____ (Guarantor) personally came before me and acknowledged under oath, to my satisfaction, that this person:

(a) is named in and personally signed the above document; and

(b) signed, sealed and delivered this document as his or her act and deed.

3

Initials _DE_