AVROM R. VANN, P.C.
Avrom R. Vann, Esquire [ARV-6576]
420 Lexington Avenue, Suite 2400
New York, New York 10170
Telephone: (212) 382-1700

Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

VIAONE TECHNOLOGIES, INC.                Civil No. 06 Civ 12983 (RCC)

      Plaintiff

  -against-

MR. PREPAID, INC., et al.

      Defendants

-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL ALLEGATIONS ..................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

A.    THE AGREEMENT UPON WHICH PLAINTIFF BASES ITS CLAIMS CONTAINS A BROAD ARBITRATION PROVISION ................... 2

B.    THE FAA GOVERNS THE ENFORCEABILITY OF THE ARBITRATION CLAUSE ................................................................................. 3

C.    THE FAA REQUIRES THIS COURT TO COMPEL ARBITRATION ........... 4

    1.    The Parties Entered Into a Valid Arbitration Agreement ....................... 5

    2.    The Scope of The Arbitration Clause Encompasses Plaintiff's Claims ................................................................................... 5

    3.    The Fourth Genesco Factor: The Agreement And Guaranty Should Be Read In Conjunction With Each Other. ................................. 5

CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page(s)

*Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265 (1995) ............................... 4

*American Bureau of Shipping v. Tencara Shipyard S.P.A.*,
170 F.3d 349 (2d Cir. 1999) ........................................................................... 2, 5

*AT&T Techs. v. Communications Workers of America*, 475 U.S. 643 (1986) ............... 5

*Avila Group, Inc. v. Norma J. of California*, 426 F.Supp. 537 (S.D.N.Y. 1977) ............ 3

*Calamia v. Riversoft, Inc.*, 2002 WL 31779991
(E.D.N.Y. December 13, 2002) ........................................................................ 5

*Collins & Aikman Products Co. v. Building Systems, Inc.*,
58 F.3d 16 (2d Cir. 1995) ................................................................................ 3

*Eastern Fish Co. v. South Pacific Shipping Co., Ltd.*,
105 F. Supp. 2d 234 (S.D.N.Y. 2000) .............................................................. 3

*Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F 2d 840 (2d Cir. 1987) ................................. 5

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ....................................... 4

*Gordon v. Vincent Youmans, Inc.*, 358 F.2d 261 (2d Cir. 1965) .................................... 6

*Houbigant, Inc.*, 914 F. Supp. 964 (S.D.N.Y. 1995) ...................................................... 6

*International Paper Co. v. Schwabedissen Maschinen Anlagen GMBH*,
206 F.2d 411 (4th Cir. 2000) ........................................................................... 2

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ......................................................................................... 3, 4

*Salomon Inc. Shareholders' Derivative Litig.*, 68 F.3d 554 (2d Cir. 1995) ................... 4

*Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc.*,
269 F. Supp. 2d 356 (S.D.N.Y. 2003) .............................................................. 6

*Thomson-CSF v. American Arbitration Assoc.*,
64 F.3d 773 (2nd Cir. 1995) ............................................................................ 2

## STATE CASES

*Bayly, Martin & Fay, Inc. v. Glaser*, 92 A.D.2d 850 (N.Y. App. Div. 1983) .............. 11

## STATUTES

9 U.S.C. §§ 1 *et seq.* ........................................................................................ 1, 4, 5

AVROM R. VANN, P.C.
Avrom R. Vann, Esquire [ARV-6576]
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 382-1700
Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

VIAONE TECHNOLOGIES, INC.

   Plaintiff

 -against-

MR. PREPAID, INC., et al.

   Defendants
------------------------------------------------------- X

Civil Action: 06 Civ 12983 (RCC)

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

  Defendant, Mr. Prepaid, Inc. ("Mr. Prepaid") and Daniel Ely ("Ely"), by counsel, pursuant to New York CPLR § 7501, and the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., respectfully submit this memorandum of law in support of their Motion to Stay Proceedings and Compel Arbitration pursuant to the Federal Arbitration Act ("FAA"). The causes of action which Plaintiff alleges in its Complaint fall squarely within the arbitration provision contained in the agreement that governs the parties' relationship. Notwithstanding this agreement to arbitrate any dispute related to this agreement, Plaintiff has filed suit in this Court. Accordingly, Defendants demand that Plaintiff arbitrate its claims and respectfully request that this Court stay the pending litigation and order this case to arbitration.

FACTUAL ALLEGATIONS

  Plaintiff's Complaint, filed November 7, 2006, alleges a breach of contract action by Plaintiff, VIAONE TECHNOLOGIES, INC. ("VIAONE"), a provider of Personal Electronic Identification Numbers ("PINS") which are redeemable for certain quantities of airtime minutes with different telecommunications carriers, against Defendants, MR. PREPAID, a distributor of PINS to retail stores and outlets for sale directly to consumers, and against Mr. Ely, who allegedly personally guaranteed MR. PREPAID's obligations under its contract with VIAONE.

242825/3432.1

See Complaint at ¶ 2.

Specifically, Plaintiff alleges that, on July 29, 2005, VIAONE and MR. PREPAID entered into an Airtime Gateway Agreement (the "Agreement") under which VIAONE agreed to sell and MR. PREPAID agreed to purchase PINS through VIAONE's electronic system (the "Airtime Gateway") for the sale of prepaid airtime minutes. See Complaint at ¶ 8. Plaintiff also alleges that on July 29, 2005, Mr. Ely executed a personal guarantee (the "Guaranty") in favor of VIAONE under which Mr. Ely personally guaranteed MR. PREPAID's obligations under the Agreement. See Complaint at ¶ 9.

Plaintiff alleges that, as of October 10, 2006, MR. PREPAID owed VIAONE $181,690.00 under the Agreement. See Complaint at ¶ 21.

## ARGUMENT

A.  THE AGREEMENT UPON WHICH PLAINTIFF BASES ITS CLAIMS CONTAINS A BROAD ARBITRATION PROVISION.

As is described below, this Court does not have jurisdiction over the subject matter of this dispute because VIAONE agreed that all disputes concerning or arising out of the Agreement, would be resolved by arbitration rather than litigation. All of the disputes and allegations asserted in the Complaint concern or arise out of the Agreement.

In its Complaint, Plaintiff alleges that:

> On July 29, 2005, VIAONE and MR. PREPAID entered into an Airtime Gateway Agreement (the "Contract") under which VIAONE agreed to sell and MR. PREPAID agreed to purchase PINS through VIAONE's electronic system (the "Airtime Gateway") for the sale of prepaid airtime minutes.

See Complaint at ¶8 (emphasis added).[1]

---

[1] Although Defendant cannot locate a version of the Agreement which was actually signed by Plaintiff, Plaintiff bases its claims against Defendants upon the Agreement. See Complaint at ¶2 ("Beginning on or about September 21, 2006, MR. PREPAID refused to pay VIAONE for PINS it had ordered and received from VIAONE **pursuant to its contract with VIAONE. MR. PREPAID has ignored VIAONE's repeated demands for payment for the PINS purchased under its contract with VIAONE.**"; emphasis added); Complaint at ¶25 ("The defendants' conduct constitutes a breach of contract **under the terms of the Contract.**"; emphasis added); Complaint at ¶29 ("Defendant ELY is personally liable for MR. PREPAID's breaches of contract **under the Contract** and the ACH Authorization by virtue of the Personal Guarantee."; emphasis added). Therefore, the Plaintiff is bound by the Agreement containing the arbitration provision since Plaintiff has knowingly exploited and accepted the benefits of the Agreement. See American Bureau of Shipping v. Tencara Shipyard S.P.A., 170 F.3d 349, 353 (2d Cir. 1999), citing, Thomson-CSF v. American Arbitration Assoc., 64 F.3d 773 (2nd Cir. 1995) (A nonsignatory is estopped from refusing to comply with an arbitration clause "when it receives a 'direct benefit' from a contract containing an arbitration clause."); International Paper Co. v. Schwabedissen Maschinen Anlagen GMBH, 206 F.3d 411, 418-419

242825/3432.1

The Agreement referred to by Plaintiff contains a binding and mandatory arbitration agreement.

> 20. <u>Consent to Arbitration.</u> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator shall be final and binding on the parties, and judgment may be entered in any court having jurisdiction thereof. The arbitrator shall not be authorized to award either party extra contractual damages (i.e., compensatory or punitive damages); <u>provided, however,</u> that the arbitrator shall have the power to award the prevailing party its costs and fees.

<u>See</u> Exhibit B[2] (emphasis added).[3] This arbitration provision qualifies as a "broad arbitration clause" according to the U.S. Supreme Court. <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, at 4-6 (1983).

A broad arbitration clause will be construed to apply to controversies relating to the subject matter of the arbitration agreement. "Courts consistently have construed the 'arising out of or relating to' language in arbitration clauses as all encompassing." <u>Eastern Fish Co. v. South Pacific Shipping Co., Ltd.</u>, 105 F. Supp. 2d 234 (S.D.N.Y. 2000) (citing <u>Collins & Aikman Products Co. v. Building Systems, Inc.</u>, 58 F.3d 16, 20 (2d Cir. 1995) (clause submitting to arbitration "'[a]ny claim or controversy 'arising out of or relating to th[e] agreement,' is the paradigm of a broad clause.").

As detailed below, the parties agreed to a valid and binding arbitration clause, and Plaintiff's claims fall within that clause's broad scope. Therefore, the Court must compel arbitration.

B.  THE FAA GOVERNS THE ENFORCEABILITY OF THE ARBITRATION CLAUSE.

---

(4th Cir. 2000), citing, <u>Avila Group, Inc. v. Norma J. of California,</u> 426 F.Supp. 537, 542 (S.D.N.Y.1977) ("To allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act.").

[2]All references to Exhibits in this Memorandum are to the Exhibits attached to the Declaration of Daniel D. Ely in Support of Defendants' Motion to Stay Proceedings and Compel Arbitration.

[3]The arbitration provision contained in the Agreement is not negated by an additional clause in the Agreement vesting the courts of New York with exclusive jurisdiction in all actions and proceedings. <u>See</u> <u>Isaacs v. Westchester Wood Works</u>, 278 A.D. 2d 184-85, 718 N.Y.S.2d 338 (N.Y. App. Div. 2000)(an express arbitration clause in a contract which provides for arbitration of all claims arising thereunder is not negated by an additional clause vesting the courts of the state with jurisdiction in all actions and proceedings).

242825/3432.1

The FAA governs the enforcement of arbitration clauses in contracts involving interstate commerce. See 9 U.S.C. §§ 1 et seq.; Moses H. Cone Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) (federal law governs arbitrability in either federal or state court). Once a dispute is covered by the FAA, federal law applies to all questions of "interpretation, construction, validity, revocability, and enforceability." In re Salomon Inc. Shareholders' Derivative Litig., 68 F.3d 554, 559 (2d Cir. 1995).

There can be no doubt that the dispute between VIAONE and Mr. Prepaid arises from a contract that involves interstate commerce since the Agreement is between a Plaintiff, a resident of New York, and Defendants, residents of Maryland. Moreover, the Agreement requires the use of various instrumentalities of interstate commerce, including the mail, telephones and various electronic telecommunications systems. The FAA provides that a written arbitration provision in "a contract evidencing a transaction involving commerce. . . shall be valid, irrevocable, and enforceable..." 9 U.S.C. § 2 (1999). The Supreme Court has interpreted the words "involving commerce" as the functional equivalent of the phrase "affecting commerce," which ordinarily signals Congress' intent to exercise its Commerce Clause powers to the fullest extent. See Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 273-74 (1995). Thus, where a contract containing an arbitration provision "affects" interstate commerce, disputes arising thereunder are subject to the FAA. Because the Agreement affects interstate commerce, the FAA controls here.

C.   THE FAA REQUIRES THIS COURT TO COMPEL ARBITRATION.

The FAA provides that arbitration agreements in any contract affecting commerce are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). The FAA manifests a "liberal federal policy favoring arbitration agreements," Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (internal citation omitted), under which "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Hosp., 460 U.S. at 24-25 (emphasis added).

It is now well-settled law that application of the FAA to determine arbitrability of a claim requires consideration of the following four "Genesco" factors: (1) whether there is an agreement to arbitrate; (2) whether the claim falls within the scope of the agreement; (3) in the event that

statutory claims are asserted, whether Congress intended those claims to be non-arbitrable[4]; and (4) if only certain of the claims are arbitrable, should the court stay the balance of the proceedings pending arbitration. See Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir. 1987) (setting forth four factors). The application of the Genesco factors firmly demonstrates that VIAONE's claims must be arbitrated.

1.   THE PARTIES ENTERED INTO A VALID ARBITRATION AGREEMENT.

A valid arbitration agreement requires no more than that an agreement to arbitrate be in writing. See 9 U.S.C. § 2 (1999). In the present case, the parties' agreement to arbitrate is contained within the Agreement upon which Plaintiff bases its claims. See Complaint at ¶ 8. As noted, despite the fact that Defendant cannot locate a version of the Agreement which was actually executed by Plaintiff, Plaintiff bases its claims against Defendant upon the Agreement. Therefore, the Plaintiff is bound by the Agreement containing the arbitration provision since Plaintiff has knowingly exploited and accepted the benefits of the Agreement. See American Bureau of Shipping v. Tencara Shipyard S.P.A., 170 F.3d 349, 353 (2d Cir. 1999).

2.   THE SCOPE OF THE ARBITRATION CLAUSE ENCOMPASSES PLAINTIFF'S CLAIMS.

It is indisputable that the scope of the arbitration clause in the Agreement embraces the claims that VIAONE has brought in its Complaint. Enforcement of an arbitration provision with regard to particular claims "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Techs. v. Communications Workers of America, 475 U.S. 643, 650 (1986). The arbitration agreement in this case mandates arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof. . ."

Because VIAONE and Mr. Prepaid have agreed to arbitrate all claims related to the Agreement, the arbitration provision encompasses the dispute at issue here. See e.g., Calamia v. Riversoft, Inc., 2002 WL 31779991, at *4 (E.D.N.Y. December 13, 2002) (holding that clause in employment agreement stating that "any controversy or dispute arising out of your employment relationship with the Company shall be resolved by arbitration" had broad applicability). Thus, the merits of the controversy should be left for disposition in the arbitration.

3.   THE FOURTH GENESCO FACTOR: THE AGREEMENT AND GUARANTY SHOULD BE READ IN CONJUNCTION WITH EACH OTHER.

---

[4] The third Genesco factor is not applicable here because VIAONE has not asserted any federal statutory claims.

242825/3432.1

5

Mr. Ely is not a party to the Agreement. However, the entire theory upon which Plaintiff relies for its claims against Mr. Ely is that Mr. Ely executed a Guaranty in favor of VIAONE under which Mr. Ely personally guaranteed MR. PREPAID's obligations under the Agreement. See Complaint at ¶ 9. Indeed, the Agreement clearly states that "this Agreement shall not be valid unless it coexists at all times with a binding Personal Guarantee provided by Mr. Daniel Ely". See Exhibit B at ¶ 2.[5] Moreover, the Guaranty explicitly states: "The Guaranty is signed in conjunction with that certain Distribution Agreement ("Distribution Agreement"), signed contemporaneously herewith, by and between VIAONE and the Company". See Exhibit C. Under such circumstances, even though the Guaranty does not contain an arbitration provision, since the Guaranty was executed as part of single transaction and in conjunction with the Agreement, it is also subject to the Agreement's arbitration provision. In any event, it is clear that a stay of the action against Mr. Ely is warranted, indeed compelling, since the claims asserted against him will be greatly narrowed and limited -- perhaps even mooted -- by the issues resolved in the arbitration between Plaintiff and Mr. Prepaid.

In Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc., 269 F. Supp. 2d 356 (S.D.N.Y. 2003), the court cited a string of cases which stand for the proposition that "'where two or more written instruments between the same parties concerning the same subject matter are contemporaneously executed, they will be read and interpreted together.'" Id. at 360 (citations omitted); see This Is Me, Inc. v. Taylor, 157 F.3d 139, 143 (2d Cir. 1998) ("Under New York law, all writings forming part of a single transaction are to be read together."(citations omitted)); Gordon v. Vincent Youmans, Inc., 358 F.2d 261, 263 (2d Cir. 1965) ("New York law . . . requires that all writings that form a part of a single transaction and are designed to effectuate the same purpose be read together, even though they were executed on different dates and were not all between the same parties." (citations omitted)); In re: Houbigant, Inc., 914 F. Supp. 964, 994-95 (S.D.N.Y. 1995) ("[W]here two or more writings are executed as part of the same general

---

[5] Furthermore, § 5.d of the Agreement states that ". . . Mr. Daniel Ely, as an officer and shareholder of Distributor, and as a direct beneficiary of this Agreement, agrees to sign a personal guarantee, in which he agrees to secure all liabilities of Distributor, using his personal assets. Distributor acknowledges, understands and agrees that VIAONE would not provide Distributor with the ability to purchase Products or Services hereunder, in accordance with the terms and conditions of this Agreement without the personal guarantee of Mr. Daniel Ely and that such guarantee, along with other terms and conditions contained here, is a material inducement for VIAONE in executing and agreeing to the terms and conditions of this Agreement."

transaction, they are to be read together as part of the same agreement . . . .").[6]

Here, the salient documents, construed together, express a clear intent to arbitrate any and all claims, direct and indirect, involving both the Agreement and Guaranty. The Agreement and Guaranty were signed by Defendants in connection with the same transaction. Because these agreements are interrelated, claims that arise under the Guaranty also are subject to mandatory and binding arbitration as embodied in the contractual arbitration provision set forth in the Agreement.

## CONCLUSION

The present case should be stayed because VIAONE's claims are the subject of a valid, enforceable arbitration clause. Under the Federal Arbitration Act, as construed on numerous occasions by the Federal courts, agreements to arbitrate must be strictly enforced, with any doubt being resolved in favor of arbitration. Thus, VIAONE's entire Complaint must be stayed.

WHEREFORE, Defendants, by counsel, respectfully request that the Court grant their motion to stay Plaintiff's case and compel arbitration of the Plaintiff's claims.

Dated: December 14, 2006    AVROM R. VANN, P.C.
New York, New York    Attorneys for Defendants
　　　　　　　　　　　　　　　　MR. PREPAID, INC. and
　　　　　　　　　　　　　　　　DANIEL ELY

　　　　　　　　　　　　　　By:_____/s/_____
　　　　　　　　　　　　　　Avrom R. Vann, Esquire [ARV-6576]
　　　　　　　　　　　　　　Office and Post Office Address
　　　　　　　　　　　　　　420 Lexington Avenue, Suite 2400
　　　　　　　　　　　　　　New York, New York 10170
　　　　　　　　　　　　　　Telephone: (212) 382-1700
　　　　　　　　　　　　　　Telecopier:(212) 661-6976
　　　　　　　　　　　　　　E-Mail: A2442@AOL.COM

---

[6] In Bayly, Martin & Fay, Inc. v. Glaser, 92 A.D.2d 850, 851 (N.Y. App. Div. 1983), "three interlocking contracts were executed simultaneously: an employment agreement, a 'stock purchase' agreement and a guarantee agreement." Id. at 850. At issue was the valuation of stock pursuant to the stock purchase agreement. The guaranty agreement was specifically incorporated into the employment agreement and the agreement also noted that the respondent was "not willing to sign the Employment Agreement . . . or the Stock Purchase Agreement attached to the employment agreement without" the guaranty. Id. at 851. The employment agreement was the only agreement of these three to include an arbitration clause; however, the court held that "[b]ecause of the [New York] State policy of giving broad, full effect to arbitration clauses, we believe the disputes arising under the three agreements should be resolved through the arbitration procedure provided for by the primary agreement, the one for employment." Id.

242825/3432.1