USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-24-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————X
VIAONE TECHNOLOGIES,

          Plaintiff,

-against-

MR. PREPAID, INC., and DANIEL D. ELY,

          Defendants.
——————————————————————X

06 Civ. 12983 (RCC)

ORDER

**RICHARD CONWAY CASEY, United States District Judge:**

    Viaone Technologies ("Plaintiff"), a provider of Personal Electronic Identification Numbers ("PINS") that are redeemable for certain quantities of airtime minutes with different telecommunications carriers, brings this breach of contract action against Mr. Prepaid, a distributor of PINS to retail stores and outlets for sale directly to consumers, and Daniel D. Ely, an alleged personal guarantor of Mr. Prepaid's contract with Plaintiff (together "Defendants"). Plaintiff alleges that the parties entered into an Airtime Gateway Agreement ("Agreement") governing the sale and purchase of PINS and other matters. Plaintiff alleges Defendants owe it $181,690.00 under the Agreement.

    On December 14, 2006, Defendants moved to stay these proceedings and compel arbitration, citing paragraph 21 of the Agreement, titled "Consent to Arbitration," as well as portions of the Federal Arbitration Act ("FAA") and relevant case law. Paragraph 21 appears to be an arbitration clause which notes, in pertinent part, that "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by the American Arbitration Association under its Commercial Arbitration Rules."

    In its response to the motion, Plaintiff "qualifiedly consent[ed] to Defendants' Motion," subject to the condition that the arbitration proceeding take place "within the jurisdiction of the District Court for the Southern District of New York." Plaintiff also informed the Court that it has filed an arbitration proceeding in New York City. (See Resp. at 2.) In support of its position,

Plaintiff cites paragraph 20 of the Agreement, titled "Governing Law; Consent to Jurisdiction," which mandates that all interpretation and construction issues are to be governed by New York law, and that, in the event of a claim or dispute with respect to the rights or obligations of the parties under the Agreement, all actions or proceedings are to be exclusively brought in this Court or New York Supreme Court if this Court lacks subject matter jurisdiction. In addition, under this paragraph, the parties waive the right to object to jurisdiction and venue.

In response, Defendants contend that because Plaintiffs have consented to (or at least failed to object to) the motion to compel arbitration, the venue of the arbitration is for the arbitrator to decide. Defendants plan to argue before the American Arbitration Association that arbitration occur in Maryland.

The Court has reviewed the Agreement and the breach of contract claims in the complaint and, there being no contrary indication by the Plaintiff, finds that Paragraph 21 is a valid, enforceable, and binding arbitration clause, and that this breach of contract action falls within its scope. See Mehler v. Terminix Int'l Co., 205 F.3d 44, 47 (2d Cir. 2000) (holding that a court must find an agreement to arbitrate and that the dispute falls within the scope of the arbitration agreement.)

The Court further finds that nothing in the Agreement dictates where the arbitration is to occur. Paragraph 21 speaks only to the circumstances requiring arbitration and the administration of the arbitration; it says nothing with respect to venue. Indeed, paragraph 21 says that "judgment may be entered in any court having jurisdiction thereof." This language, which does not mention paragraph 20, belies Plaintiff's claim that paragraph 20's reference to "all actions or proceedings" requires any action for enforcement of the arbitration to be brought in New York.

But even if, as Plaintiff argues, the Court retains jurisdiction over this case during the period the action is stayed, the Court's continuing jurisdiction in no way limits where the arbitration can occur. It is well-established that the venue provisions of the FAA are permissive and allow a motion to confirm, vacate, or modify an arbitration award to be brought wherever the

arbitration agreement so states, in the district where the award was made, or in any district proper under the general venue statute. See 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."); Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 529 U.S. 193, 195 (2000) (finding the FAA's venue provisions permissive); id at 201-02 (noting that the court with the power to compel arbitration and stay litigation under § 3 must be able to retain jurisdiction notwithstanding the fact that arbitration was brought outside that court's jurisdiction). Thus, even though the Court retains jurisdiction, nothing prevents arbitration from occurring in Maryland, New York, or another convenient forum determined by the arbitrator.

In light of the foregoing, this action is stayed pending the outcome of the arbitration.


So Ordered:  New York, New York
January 24, 2007

_____
Richard Conway Casey, U.S.D.J.